```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                  ATLANTA DIVISION
```

UNITED STATES OF AMERICA,        )
                                 )
vs.                              )  Case Number 1:10-CR-33(1)
                                 )
GULED ABDULLAHI MOHAMED,         )
                                 )
        Defendant.               )


## SENTENCING HEARING

June 17, 2010


BEFORE THE HON. CHARLES A. PANNELL, JR.


APPEARANCES:

FOR THE GOVERNMENT:   MR. JOHN RUSSELL PHILLIPS

FOR THE DEFENDANT:    MR. JEFFREY H. BRICKMAN


Reported by:
Martha J. Frutchey
U.S. District Reporter
Room 2314, United States Courthouse
75 Spring Street, SW
Atlanta, Georgia  30303
(404) 215-1573

1 **Thursday, June 17, 2010**

2 THE COURT: Be seated, please. Sound case 10-CR-33,

3 United States of America versus Guled Mohamed set down today for

4 sentencing. Is the government ready?

5 MR. PHILLIPS: Yes, Your Honor.

6 THE COURT: Defense ready?

7 MR. BRICKMAN: Yes, Your Honor. Thank you very much.

8 THE COURT: All right. The Court has the presentence

9 report. The Court would like to adopt the portions of the

10 presentence to which there are no objections, and officially

11 there aren't any objections, but I know that you are going to --

12 there is more to it than that. But let's see, how do I want to

13 do this? I guess I want to adopt the presentence report and

14 then hear from you as to how the calculation ought to be made.

15 Is that agreeable?

16 MR. BRICKMAN: Yes, sir. There is only one

17 clarification to an objection at the time. There was a question

18 at the time the presentence report was done as to the real birth

19 date of Mr. Mohamed, and so I have shown a copy of Mr. Mohamed's

20 birth certificate to the government and to probation, and I can

21 show it to the Court. The significance of that is that his real

22 birth date is September the 7th, 1985, which would mean that the

23 first and second offenses that are listed under the criminal

24 history section of the presentence report would not be counted

25 against him, which would result in him having total criminal

1  history points of 3, which would put him in criminal history
2  category 2.
3       THE COURT: All right. With that correction I can adopt
4  the presentence report then. Now, do you want me to go on and
5  for the record do a final guideline calculation before we move
6  on to the next part? Let me see if I can do this. All right.
7  The statutory penalty here is ten years, $250,000 fine or both.
8  There is no mandatory minimum. He has a total offense level of
9  31, criminal history category 2. That yields a custody
10 guideline range of 121 to 151 months with the mandatory maximum
11 is still 120 months. Fine guideline range of 15,000 to 150,000.
12 Restitution in the amount of $136,978.71. Special assessment of
13 $100. Supervised release of two to three years. All right.
14 How do you want to proceed from that point, gentlemen?
15      MR. PHILLIPS: Your Honor, the government and defendant
16 have agreed on a recommended sentence which we would ask the
17 Court to consider, and that would be 72 months to serve, to be
18 followed by three years of supervised release, and restitution
19 in the amount of $136,978.71 jointly and severally with his
20 co-defendant, Mr. Walker, as well as a $100 special assessment.
21      THE COURT: And that's based at least in part -- let me
22 find this, on the overrepresentation in paragraph 31. 26 level
23 enhancement concerning the access device. You all explained to
24 me you feel there is an overrepresentation in this particular
25 case. This is unfair.

1    MR. BRICKMAN:  Yes, sir.

2    THE COURT:  The enhancement.

3    MR. BRICKMAN:  That is correct.  If the Court needs us
4    to discuss that in more detail for the record, we can, but we
5    agree.

6    THE COURT:  I don't think so.

7    MR. BRICKMAN:  All right, sir.

8    THE COURT:  I mean, I understand it.  If both of you are
9    in agreement, I'm not sure we need to put all of that on the
10   record.  Let's see, so we are getting him down to really a level
11   25.  All right.  This is upon recommendation of the government
12   and in agreement with the defendant, you all are agreeing or
13   recommending to the Court that he be sentenced to 72 months in
14   confinement and make restitution of $136,978.71.

15   MR. PHILLIPS:  Your Honor, I think it is level 26, not
16   25.  Base offense level is 6 plus 18 is 24 plus 2 is 26, and
17   then minus 3 for acceptance would be 23.

18   THE COURT:  Well, yeah, but, well, according to my table
19   if we are at 23, that yields a guideline range of 51 to 63.  I
20   was trying to hit 72.

21   MR. PHILLIPS:  I apologize.

22   THE COURT:  I am reverse engineering this thing, so to
23   speak.  Okay.  Sometimes we get caught up in the math, but the
24   defendant doesn't care.  He wants to know what the sentence is.

25   MR. BRICKMAN:  And we agree that a 72-month sentence is

1 a reasonable one.
2     THE COURT: Well, because of all the reasons you all
3 have expressed to me, I'll approve that sentence, but let me
4 make sure that I don't do anything contrary to --
5     PROBATION OFFICER: Your Honor, if I may clarify things.
6 The Court is only required to make an accurate guideline
7 calculation. The ultimate sentence of the Court is not required
8 to be within the specific guideline range, if you are doing a
9 non guideline sentence.
10     THE COURT: Well, they have expressed a couple of things
11 to me, but one of them is that it's sort of an
12 overrepresentation. It's a mix, like a stew here. Okay. All
13 right.
14     MR. BRICKMAN: I don't know if the government has
15 anything to add, but the defense at the appropriate time would
16 like to make a very short presentation.
17     THE COURT: I will give the defense an opportunity at
18 this time to present anything in extenuation or mitigation. The
19 defendant has a right to address the Court personally, and if he
20 wishes to do so this would be the appropriate time.
21     MR. BRICKMAN: All right. Your Honor, I'd first like to
22 ask for Ms. Farhia Mohamed to speak briefly to the Court, one of
23 the defendant's sisters.
24     THE COURT: All right. If you will just, she can stand
25 right here at this microphone will be fine.

MS. FARHIA MOHAMED: Good afternoon, Judge Pannell. My name is Farhia Mohamed and I am the younger sister of Guled Mohamed. I stand before you today not only as an individual, but on behalf of my entire family. It is right to say that we can remain passionately committed to our loved ones yet understand that it is not disloyal to disagree with inappropriate, misguided and immoral behavior. We would like to sincerely apologize for the unjust crime my brother has imposed on the private card holders, companies, and the government as a whole. The overarching theme of my brother's actions is coming to personal blows with the reality that follows the turmoil. Yes, my brother was weak in the sense that he looked at the world from a very egocentric point of view, unable to correctly perceive the effect of his behavior on other people. The bottom line is that my brother failed himself by overdosing on bad judgment, causing himself to betray the smart, charming and young man that has always lived within him. Thomas Jefferson once said your greatest happiness doesn't depend on the condition of life in which chance has placed us, but it's always the result of a good conscience, good health, occupation, and freedom in all just pursuits. Strangely enough, Guled is a genuine person. He does not drink or use any illicit drugs to inhibit his ways of thinking, nor has he ever done so. Unlike most people his age, he is still living at home. He's a treasured brother, son, nephew, uncle, friend, and most

1  importantly, a good-hearted kid with no ill intentions to hurt
2  anyone or anything.  I turn gladly with sincere gratitude to say
3  that although he is my brother, I would never jeopardize my word
4  in his favor if I knew he wasn't deserving.  If anyone in this
5  room has correlated the change in Guled's overall perception, it
6  is I.  Since the day of his arrest, I have spent fifteen minutes
7  every single night in deep conversations of remorse with him.
8  Mind you, there are 23 other siblings of mine whom are far more
9  giving to Guled, yet I'm the one standing at this podium today.
10 Do you know why?
11         From day one there has been drastic change in our phone
12 conversations.  At first we conversed about how he was doing,
13 how he missed us, how he was sleeping.  Then a drastic change
14 came about that rid those individualistic thoughts.  We were
15 intertwined in conversations about the whys, the ifs, the buts,
16 and the hows of life.  What if you never did what you did?  How
17 can you better yourself?
18         Ultimately, Guled bowed to his wrongdoing.  At that
19 moment is when I knew he had lifted a curtain in his life that
20 nobody knew had been there.  He sits before you today as an
21 inmate that has identified his thinking patterns and replaced
22 them with realistic thoughts.  Your Honor, by no means am I here
23 to tell you that you shouldn't punish my brother.  However, I
24 believe history is not written in stone and it's always open for
25 reinterpretation.  With this being said, I thank you for your

1  time.

2  THE COURT: Thank you. That was very impressive.

3  MR. BRICKMAN: And Mr. Guled Mohamed would like to speak
4  to the Court.

5  THE COURT: If he wants to he can remain seated and pull
6  a microphone over near him.

7  THE DEFENDANT: Your Honor, thank you for giving me the
8  opportunity to address the Court today. As I state in the
9  presentencing report, I'm originally from Somalia and I also
10 have a large family. From my birth to adulthood my parents
11 provided for me adequately in a home environment of strong
12 values and social morals. I did well in school and had the
13 aspirations to attend and graduate from Georgia Tech. During
14 this stage of my life I began to be influenced by individuals
15 whose life seemed more plush and exciting than mine. They were
16 perceived as good people. They were in school. They came from
17 good backgrounds, intelligent, and well-rounded individuals.

18 Being in the United States, I began to see a contrast
19 between how people lived in the United States compared to my own
20 country. I started to embrace that lifestyle, and in doing so I
21 abandoned the good sense of judgment that I was taught at home
22 and by my religion. Never once did I stop to think of the
23 consequences of my actions or the people that I affected. I was
24 selfish and foolish, and now I stand ashamed. I never had the
25 intentions to mislead the government. I was honest with all of

1  my answers and I fully cooperated.
2         I would like to express my deepest apologies to my
3  family, the victims, the companies and the government.  The past
4  seven months has been a wake-up call.  Through the conversations
5  with my mother, several prayers of my family and friends I hope
6  God forgives me for my actions.  I'm asking the Court to have
7  mercy on me.  Your Honor, thank you for giving me the
8  opportunity to address the Court.
9         MR. BRICKMAN:  Your Honor, thank you for giving Ms.
10 Farhia Mohamed and Mr. Guled Mohamed the opportunity to speak to
11 the Court this afternoon.  I'm not going to introduce everyone
12 here by name and I hope I'm not disrespecting them for not doing
13 so.  I would like to point out that in addition to his aunts,
14 cousins, siblings and uncles, that his mother Ms. Bentonor, is
15 here.  They made it very clear that under no circumstances would
16 they miss this sentencing regardless of the time or day, and we
17 appreciate them coming today, and we appreciate the Court giving
18 them the opportunity to be here.  We would ask that the Court
19 follow our recommendation and thank you very much in advance.
20        THE COURT:  All right, sir.  Anything on behalf of the
21 government?
22        MR. PHILLIPS:  Nothing further, Your Honor.
23        THE COURT:  All right.  Well, the Court will proceed
24 with sentencing.  Pursuant to the Sentencing Reform Act of 1984
25 it's the judgment of the Court that the defendant, Guled

1   Mohamed, is hereby committed to the custody of the Bureau of
2   Prisons to be imprisoned for 72 months.  It's further ordered he
3   make restitution jointly and severally with Cleveland Walker in
4   the amount of $136,978.71 in the amounts proportioned in the
5   presentence to Home Depot, Lowes Home Improvement, and Capital
6   One Bank.  The restitution shall be paid in full immediately.
7   Defendant shall notify the United States Attorney for this
8   district within 30 days of any change of mailing or resident
9   address that occurs while any portion of the restitution remains
10  unpaid.  Defendant shall make restitution payments from any
11  wages he earns in prison in accordance with the Bureau of
12  Prison's financial responsibility program and any portion of the
13  restitution that is not paid in full at the time of his release
14  shall become a condition of supervision and be paid at a monthly
15  rate of $150 plus 25 percent of all gross income in excess of
16  $2,000 per month.  It's further ordered that the defendant pay a
17  special assessment of $100 that will be due immediately.  The
18  Court finds that he does not have the ability to pay a fine and
19  cost of incarceration and that is waived.
20          Upon release from imprisonment he shall be placed on
21  supervised release for a term of three years, and within 72
22  hours he shall report -- this is after his release from prison,
23  he shall report in person to the probation office in the
24  district to which he's released.  While on supervised release he
25  shall not commit another federal, state or local crime, comply

1  with the standard conditions that have been adopted by the
2  Court, and these additional conditions:  1.  Submit to a drug
3  urinalysis within 15 days after being placed on supervision and
4  two periodic tests thereafter.  2.  Pursuant to the code
5  sections that require mandatory DNA testing, he shall cooperate
6  in the collection of DNA.  3.  Make full and complete
7  disclosures of finances and submit to an audit of financial
8  documents at the request of the probation officer.  4.  Pay any
9  financial penalty that's imposed by this judgment and remains
10  unpaid at the commencement of supervised release at a monthly
11  rate of $150 plus 25 percent of all gross income in excess of
12  $2,000.  6.  He shall not incur new credit lines or open new
13  lines of credit without the permission of the probation officer.
14  7.  Not own, possess or have under his control any firearm,
15  dangerous weapon or other destructive device.  And 8, submit to
16  a search of his property, real and personal, his residence,
17  place of business, employment, or any vehicle at any time at the
18  request of the probation officer.  Mr. Mohamed, do you
19  understand the sentence?
20          THE DEFENDANT:  Yes, sir, I do.
21          THE COURT:  Well, the Court will state the reasons for
22  the sentence is the government's recommendation on all
23  circumstances that we have discussed, as well as a slight over
24  reflection in the guidelines of the way they are computed as to
25  the -- what is it, paragraph -- I'll just refer to it by

1  paragraph, I guess, is the easiest way, paragraph 31.
2      Is there any objection by either side to the findings of
3  the Court, the guideline calculations to the sentence, or the
4  manner in which it's been pronounced?  On behalf of the
5  government?
6      MR. PHILLIPS:  No, Your Honor.
7      THE COURT:  On behalf of the defendant?
8      MR. BRICKMAN:  No, Your Honor.  Thank you.
9      THE COURT:  Let me advise the defendant, he can appeal
10 his conviction if he believes his guilty plea is somehow
11 unlawful or involuntary, or if there is some other fundamental
12 defect in the proceeding that was not waived by his guilty plea.
13 He also has the statutory right to appeal his sentence if he
14 thinks the sentence is contrary to the law.  Now, he may have
15 waived some of those rights in his plea agreement.  Usually
16 those waivers are enforceable, but if he thinks they are not
17 enforceable he can present that theory to the Appellate Court.
18 In any event, with few exceptions any notice of appeal must be
19 filed by him within 14 days of judgment being entered in this
20 court, or in his case, and if he is unable to pay the cost of an
21 appeal he may apply for leave to file his appeal without paying
22 costs, and if requested, the Clerk of Court will prepare and
23 file a notice of appeal on his behalf.  Mr. Mohamed, do you
24 understand your right to an appeal?
25     THE DEFENDANT:  Yes, sir.

1  THE COURT: I will recommend to the Bureau of Prisons
2  that he be housed as close to Atlanta as they can accommodate
3  for the convenience of his family. Now, that is merely a
4  recommendation. I cannot require the BOP to do that, so if they
5  do not wish to do that there is nothing I can do to force them
6  to do that, but I will make that recommendation. He's better
7  off with it than without it.
8  MR. BRICKMAN: Yes, sir. Only other thing is defense
9  would move to introduce defendant's exhibit number 1, which is a
10 copy of Mr. Mohamed's birth certificate which I showed to the
11 government and to the United States Probation Office.
12 THE COURT: It's admitted. Do you want that attached to
13 the presentence report that will follow him in the prison?
14 MR. BRICKMAN: Yes, sir.
15 THE COURT: All right. Mr. Hudson will take care of
16 that.
17 MR. BRICKMAN: Thank you very much. That's all we have.
18 THE COURT: Okay. If there is nothing else to take up
19 in Mr. Mohamed's case, I'll take about a five-minute recess and
20 then I will take up Mr. Walker's case.
21
22
23
24
25

# C E R T I F I C A T E

    I, Martha J. Frutchey, do hereby certify that I am a U.S. District Court Reporter for the Northern District of Georgia, Atlanta Division; that I reported the foregoing and the same is a true and accurate transcription of my shorthand notes as taken aforesaid.

                                                                          _____

                                                                          Martha J. Frutchey